DWIGHT ET AL. *vs.* SCATES.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

Notice of trial may be served on the *counsel* of the defendant, and it is sufficient.

Where a witness swears *positively* to a signature, without being interrogated as to his means of knowledge, it is sufficient. It would be otherwise, if he was interrogated, and failed to give a satisfactory answer.

This is an action against the acceptor of a bill of exchange.

There was an exception and plea to the jurisdiction of the Commercial Court, averring, that the defendant resided in the parish of Jefferson, and out of the jurisdiction of the court. Notice of trial was served on the defendant's counsel, and the plea or exception overruled on an *ex parte* hearing, the defendant's counsel not attending.

The defendant pleaded the general issue, and reserved the benefit of his plea to the jurisdiction.

The cause was fixed for trial by the plaintiffs, and notice *served on the counsel* of the defendant.

At the trial, the defendant's counsel failed to appear.

The plaintiffs called a witness, who swore that "the signature or endorsement of C. J. Henshaw, (the payee of the draft) to the note sued, *is that of* C. J. Henshaw."

On this evidence, and the production of the draft, the plaintiffs had judgment, from which the defendant appealed.

*Elmore* and *King*, for plaintiffs and appellants, prayed the affirmance of the judgment, with damages.

*Lockett* and *Micou*, contra, insisted that the defendant had not been properly and legally notified of the time and place of trial, either on his plea to the jurisdiction of the court, or on the merits ; and that both were improperly tried in his absence.

EASTERN DIST.
March, 1840.

DWIGHT ET AL.
vs.
SCATES.

2. That the testimony of the witness, as stated in the record, is not legal evidence of the signature of the endorser, under whom the plaintiffs hold the draft.

*Martin, J.*, delivered the opinion of the court.

The defendant and appellant is sued as the acceptor of a bill of exchange, and seeks the reversal of the judgment against him on two grounds :

1. That his plea to the jurisdiction of the court was improperly tried in his absence, and without his having had legal notice of trial.

2. The signature of Henshaw, the payee of the bill, and the plaintiffs' endorser, is not legally proven.

I. As to the plea to the jurisdiction, the notice of the day fixed for trial, was served on the defendant's attorney. It is contended, that it ought to have been served on the defendant himself. The rules of the Commercial Court are not before us. But the circumstance complained of, was presented to the consideration of the judge, in a motion for a new trial, and he held that the notice was regular.

II. Henshaw's signature was proved by a witness who did not state by what means he had acquired a knowledge of Henshaw's hand-writing. Had the witness been interrogated as to those means, and failed to give a satisfactory answer, his testimony must have had no weight. But the manner in which he swore, made him obnoxious to the penalty of perjury, if, in reality, he had no knowledge of the hand-writing of the endorser. This, in our opinion, is sufficient to entitle him to credit, if the party against whom he is offered, did not see fit to examine him, in regard to his means of knowledge.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be affirmed, with costs.

*Marginal note:* Notice of trial may be served on the *counsel* of the defendant, and it is sufficient. Where a witness swears *positively* to a signature, without being interrogated as to his means of knowledge, it is sufficient. It would be otherwise if he was interrogated, and failed to give a satisfactory answer.